**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Glenn M. O'Dell,** Petitioner -vs- **Dora B. Schriro, et al.,** Respondents | CV-08-1400-PHX-ROS (JRI) **REPORT & RECOMMENDATION On Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 29, 2008 (#1). On October 6, 2008, Respondents filed their Response (#8), arguing only that the Petition is untimely and the claims raised procedurally defaulted. Petitioner filed a Reply (#11) and supporting Memorandum (#12) on November 4, 2008.

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. PROCEEDINGS AT TRIAL

On October 11, 2002, a criminal Complaint (Exhibit A) was filed against Petitioner in Maricopa County, Arizona Superior Court, charging Petitioner with 15 counts of sexual conduct with a minor. (Exhibits to the Answer, #8, are referenced herein as "Exhibit___.") Petitioner entered into a written Plea Agreement (Exhibit B), pled guilty to two amended

counts of attempted sexual conduct with a minor (Exhibit C), and was sentenced on September 19,. 2003 to 10 years imprisonment on one count and 99 years probation on the other (Exhibit D).

## C.  PROCEEDINGS ON DIRECT APPEAL

Having pled guilty, Petitioner had no right to file a direct appeal. Ariz. Rev. Stat. § 13-4033(B0; Ariz. R. Crim. P.  17.1(e).  No direct appeal was filed.  (Petition, #1 at 2.)

## D.  PROCEEDINGS ON POST-CONVICTION RELIEF

**First PCR Proceeding** - Petitioner commenced his first PCR proceeding by filing a Notice of Post Conviction Relief (Exhibit E) on September 19, 2003, the date of his sentencing.  That proceeding was dismissed on June 16, 2004 (Exhibit G) for Petitioner's failure to file a petition within the time allowed.  Petitioner did not seek review.

**Second PCR Proceeding** - Petitioner commenced his second PCR proceeding by filing on March 22, 2007 a Notice of Post Conviction Relief (Exhibit H) dated March 9, 2007 and a PCR Petition (Exhibit I) dated September 29, 2006.[1]  That proceeding was dismissed as untimely on April 13, 2007 (Exhibit J).  Petitioner sought appellate review which was summarily denied by the Arizona Court of Appeals on March 27, 2008 (Exhibit L) and the Arizona Supreme Court on June 30, 2008 (Exhibit M).

## E.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced these proceedings by filing on July 29, 2008 his

---

[1] Petitioner asserts in the Petition that this PCR was commenced on March 13, 2007 (#1 at 4).  The trial court's Docket (Exhibit N) reflects that a PCR notice and Petition was filed on that date, and a second set filed on March 27, 2007.  The trial court's order of dismissal characterized it as dismissal of the March 27, 2007 petition (Exhibit J).  Petitioner asserts there was only the second PCR proceeding and not a third. (#1 at 5.)  Accordingly, it appears that the two notices and petitions were a single proceeding, and were disposed of by the single ruling.  Because, as discusssed hereinafter, the limitations period expired in June, 2005, the earlier date does not affect the timeliness of the Petition.

Petition for Writ of Habeas Corpus, which was dated July 28, 2008. Petitioner raises three grounds for relief. In Ground One, he alleges that lifetime probation violates his Eighth Amendment rights against cruel and unusual punishment as well as his Fifth and Fourteenth Amendment rights. In Ground Two, he alleges that lifetime probation violates his right to Equal Protection under the Fifth and Fourteenth Amendments. In Ground Three, Petitioner alleges that lifetime probation violates his right to fundamental fairness in the plea bargaining process in violation of due process under the Fifth and Fourteenth Amendments.

In his Petition, Petitioner argues that his Petition should not be considered untimely because:

> Petition (sic) newly discovered that the Arizona legislature had intefer[red] with clearly established United States Supreme Court law, in an attempt to deprive the citizens of the state of substantive constitutional protections. Claims of state wide importance and/or of constitutional magnitude have been held to surpass the statutes of limitations and preclusion and therefore would constitute a complete miscarriage of justice if enforced.

(Petition, #1 at 11.)

**Answer** - On October 6, 2008, Respondents filed their Answer (#8), arguing that the Petition is untimely, and all of Petitioner's claims are unexhausted and now procedurally defaulted.

**Reply** - On November 4, 2008, Petitioner replied (#11&12), arguing that his Petition must be considered timely because the state failed to respond to his state PCR petition, and he was entitled to relief by default. On the same basis he argues that his state remedies on his habeas claims should be deemed exhausted. Further, he argues that because he was denied a hearing on his PCR petition, the AEDPA does not apply.

### III. APPLICATION OF LAW TO FACTS

**A. STATUTE OF LIMITATIONS**

Respondents argue that the petition is untimely.

**Normal Running of Statute** - Congress has provided a 1-year statute of limitations for all applications for writs of habeas corpus filed "by a person in custody pursuant to the

- 3 -

judgment of a State court." 28 U.S.C. § 2244(d).   The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

For an Arizona noncapital pleading defendant, the conviction becomes "final" at the conclusion of the first "of-right" post-conviction proceeding under Rule 32. *See Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007).  Here, Petitioner's first PCR proceeding was his "Of right" proceeding and was pending until June 16, 2004 when the trial dismissed the petition for review.  (Exhibit G.)   In addition, "direct review" includes the period within which a petitioner can seek further review, whether or not the petitioner actually files a petition for such review. *See Bowen v. Roe*, 188 F.3d 1157, 1158 (9th Cir.1999).  Petitioner had 30 days after entry of the Arizona Supreme Court's order denying review to file such petition, or until July 16, 2004.  Ariz. R. Crim. P.  32.9(c).

The limitations period would have begun running thereafter, and expired in June, 2005.

**<u>Statutory Tolling</u>** - Petitioner is entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) for all the time that a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending."  Here, however, his only state application after his conviction became final was his second PCR commenced in March 2007, long after his one year had expired.   Once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

**<u>Legislative Interference</u>** - Petitioner argues that he made recent discoveries concerning the Arizona legislature's interference with Supreme Court law. (Petition, #1 at 11.)  Although the conclusion of direct review normally marks the beginning of the statutory one year, 28 U.S.C. § 2244(d)(1)(D) does provide an alternative of "the date on which the factual predicate of the claim or claims presented could have been discovered through the

exercise of due diligence." Thus, where despite the exercise of due diligence a petitioner was unable to discover the factual predicate of his claim, the statute does not commence running on that claim until the earlier of such discovery or the elimination of the disability which prevented discovery.

However, Petitioner fails to show that the legislature's purported interference is relevant to or a "*factual* predicate" of his habeas claims. He simply makes vague and conclusory allegations of interference.  To the extent that Petitioner intends to refer to his claim that the Arizona sentencing statutes are unconstitutional, then he would not be asserting a new discovery of a "factual predicate", but instead a new discovery of his legal argument.  That would not delay the start of the limitations period under § 2244(d). *See Shannon v. Newland,* 410 F.3d 1083, 1088 (9th Cir. 2005) (distinguishing between changes or clarifications in state law and discovery of "factual predicate").

Conversely, § 2244 also provides for a later commencement date, based on changes in the law.  However, that provision encompasses only a narrow version of changes, *i.e.* a "constitutional right . . . newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).  The discovery of law enunciated by Petitioner, whatever it might be,  does not appear to fit within that narrow category, but to instead be a matter of state law.

**Significant Claims** - Next Petitioner argues: "Claims of state wide importance and/or of constitutional magnitude have been held to surpass the statutes of limitations and preclusion and therefore would constitute a complete miscarriage of justice if enforced." (Petition #1 at 11.)  Here, Petitioner seems to be drawing on state law standards for the exercise of discretionary appellate jurisdiction. *See e.g. Rodriguez v. Arellano,* 194 Ariz. 211, 213, 979 P.2d 539, 541 (Ariz. App. 1999) (exercising special action jurisdiction over "a question of law, of constitutional magnitude, and of statewide importance").  No such exceptions to the Federal habeas statute have been recognized

**Miscarriage of Justice** - Petitioner suggests that his delay should be ignored to avoid a "miscarriage of justice".  "[T]he miscarriage of justice exception is limited to those

extraordinary cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt. A petitioner who asserts only procedural violations without claiming actual innocence fails to meet this standard." *Johnson v. Knowles,* 541 F.3d 933, 937 -938 (9th Cir. 2008). Petitioner's procedural attacks on his sentence do not amount to a claim of actual innocence, and thus do not constitute a miscarriage of justice.

**Applicability of AEDPA** - Petitioner suggests in his Reply that the AEDPA and its statute of limitations do not apply where there was constitutional error in obtaining the conviction or sentence. (Reply, #12 at 2.) To the contrary, habeas claims by their nature almost always assert constitutional error. To permit an exception to the statute of limitations for such claims would make the rule meaningless.

**Failure to Respond** - Finally, Petitioner argues that he should not be bound by the statute of limitations because the prosecution failed to timely respond to his PCR petition. While such failure to respond might provide state law grounds for challenging the trial court's dismissal of his PCR petition as untimely, it does not except Petition from the Federal habeas statute of limitations. Moreover, federal habeas review is not available for review of state law errors. *Bains v. Cambra*, 204 F.3d 964, 971 (9th Cir. 2000).

**Equitable Tolling** - "Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque,* 351 F.3d 919, 922 (9th Cir. 2003). Petitioner proffers no such extraordinary circumstances that prevented a timely filing.

**Summary re Timeliness** - Petitioner's conviction became final on July 16, 2004, when his time to review of the denial of his first PCR expired. His one year limitations period expired one year later, on July 16, 2005. His second PCR was filed after that date and did not revive the expired limitations period. His Petition, filed July 29, 2008, is over three years delinquent. Petitioner has failed to show cause for equitable tolling or actual

1 innocence to avoid the effect of his untimeliness.  Accordingly, his habeas petition is barred
2 and must be dismissed.

## B.  EXHAUSTION AND PROCEDURAL DEFAULT

Respondents also argue that the Petitioner's state remedies on his habeas claims are unexhausted and now procedurally defaulted.  Because the undersigned finds the entire petition clearly barred by the statute of limitations, this claim is not reached.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed July 29, 2008 (#1) be **DISMISSED WITH PREJUDICE**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: April 17, 2009

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\08-1400-001r RR 09 04 08 re HC.wpd